■ In the Matter of PERNA CONTRACTING CORPORATION, Appellant, v CITY OF NEW YORK, OFFICE OF THE MAYOR,

OFFICE OF CONTRACTS, et al., Respondents. [595 NYS2d 2] — Order, Supreme Court, New York County (David B. Saxe, J.), entered on or about March 13, 1992, which denied petitioner's CPLR article 78 application, *inter alia,* to annul various determinations of respondent City of New York Department of General Services and the City Chief Procurement Officer, that petitioner was not a "responsible bidder", and granted respondents' cross-motion to dismiss the petition, unanimously affirmed, without costs.

In February 1991, petitioner submitted the lowest bid for the proposed construction of the 107th Precinct jail. A background check of petitioner and its principals conducted by the Department of Investigation, revealed that Anthony Perna, who previously was listed as a principal of petitioner, had been convicted under a Federal indictment of two counts of labor union racketeering. One of the counts was for bribing a union official, and the other was for making false statements about the bribe to the FBI. Perna had been fined $350,000, placed on Federal probation for five years and ordered to perform community service.

It has long been held that there is a rational basis for an agency determination that a petitioner is not a "responsible bidder" when one of its principals has a prior criminal conviction *(see Matter of Grgas Contr. Co. v Mercklowitz,* 168 AD2d 678; *Abco Bus Co. v Macchiarola,* 52 NY2d 938, *revg* 75 AD2d 831, 833-834 *on dissenting mem of Hopkins, J.).* Here, respondents found that the transfer of Mr. Perna's 50% interest in the corporation to his wife, without consideration, was not an arm's length transaction. This fact, coupled with Mr. Perna's activities as a "consultant" to petitioner led the respondents to conclude that his relationship was not sufficiently attenuated to dispel the "appearance of influence and control by Mr. Perna." This conclusion is not irrational and should not be disturbed by this Court. Concur—Ellerin, J. P., Kupferman, Ross and Kassal, JJ.