**Abdul Y. SALAHUDDIN,
Plaintiff–Appellant,**

v.

**E.W. JONES, Superintendent of Great Meadow Correctional Facility, Arthur A. Leonardo, Sgt. Rothburn, C.O. Denno, Nora McLaughlin, Head Clerk, William Eisenschmidt, Deputy Superintendent of Great Meadow Correctional Facility, Defendants–Appellees.**

No. 1179, Docket 92–2728.

United States Court of Appeals, Second Circuit.

Submitted April 12, 1993.

Decided April 30, 1993.

Abdullah Y. Salahuddin, pro se.

Martin A. Hotvet, Asst. Atty. Gen., Albany, NY (Robert Abrams, Atty. Gen. of the State of N.Y., Peter H. Schiff, Deputy Sol. Gen., Nancy A. Spiegel, Asst. Atty. Gen., of counsel), for defendants-appellees.

Before VAN GRAAFEILAND and WINTER, Circuit Judges, and POLLACK, District Judge.*

PER CURIAM:

On September 15, 1980, Abdul Y. Salahuddin, then a prisoner in the Comstock Correctional Facility, initiated this action pursuant to 42 U.S.C. § 1983 (1988). Some of his claims—e.g., foreign substances in his food and lack of recreational opportunities because of snow piled in the yard—were facially frivolous. Other claims alleged that in 1978 he was falsely accused of disciplinary violations and illegally placed in the Special Housing Unit ("SHU"). He also claimed that, while in SHU, he was denied his legal mail and access to the law library and was deprived of congregate religious services. On December 18, 1981, appellees answered the complaint. The answer claimed that Salahuddin had failed to state a valid claim for relief and that appellees were protected by qualified immunity.

The action lay dormant for almost nine years. Why it was not dismissed for failure to prosecute is not clear on the record before us, see Fed.R.Civ.P. 41(b), Link v. Wabash R.R. Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) (federal courts have inherent power to dismiss cases for failure to prosecute), although it may be difficult to find a case that is more stale and unfit for trial in this circuit. Nevertheless, on October 4, 1991, counsel was appointed for appellant, and the action was thereafter referred by consent to Magistrate Judge Hurd.

Appellees moved for summary judgment. With regard to the claim that appellant was illegally confined, they argued that these were barred by res judicata because they had been adjudicated in Murph a/k/a Salahuddin v. Lynch and Denno, 79–CV–21 (hereafter "Salahuddin I") (dismissing appellant's charge that his 1978 confinement was illegal). Appellees also moved for dismissal, pursuant to Fed.R.Civ.P. 12(b)(6), of the claims that appellant was denied access

* The Honorable Milton Pollack, United States District Judge for the Southern District of New York, sitting by designation.

to the courts and congregate religious services.

Magistrate Judge Hurd held that appellees had waived the defense of *res judicata* by failing to raise it in the pleadings. *See* Fed. R.Civ.P. 8(c); *Allen v. Men's World Outlet Inc.*, 679 F.Supp. 360, 365 (S.D.N.Y.1988). Nevertheless, citing the need to avoid unnecessary relitigation, he dismissed the illegal confinement claims on *res judicata* grounds. He dismissed the remainder of the complaint for failure to state a claim.

On appeal, Salahuddin concedes that his claims of illegal confinement were adjudicated in *Salahuddin I.* However, he claims that the district court lacked power to dismiss these claims. We disagree.

 The failure of a defendant to raise *res judicata* in answer does not deprive a court of the power to dismiss a claim on that ground. While that or similar defenses are "ordinarily" not to be recognized when not raised in the answer, *Davis v. Bryan*, 810 F.2d 42, 44 (2d Cir.1987) (district court ordinarily should not raise statute of limitations *sua sponte* ), no absolute bar to the consideration of such claims exists. *See Carbonell v. Louisiana Dep't of Health & Human Resources*, 772 F.2d 185, 189 (5th Cir.1985) (court may dismiss *sua sponte* on *res judicata* grounds provided it either has before it "all relevant data and legal records" or is in same district in which the original action was filed).

Dismissal of appellant's recycled claims was not only appropriate but virtually mandatory in this case, whether or not the appellees raised *res judicata* in their answer. First, appellant expressly admits in his brief that years ago *Salahuddin I* disposed of the precise confinement claim he raises here. Second, *res judicata* is a doctrine founded in part on the strong public interest in economizing the use of judicial resources by avoiding relitigation. Third, relitigation here would compel the use of the state's public funds to defend a claim that was adjudicated years ago and cannot practically be readjudicated now. The court was thus clearly correct to dismiss claims already disposed of in *Salahuddin I.*

Appellant's new claims were also correctly dismissed. With regard to appellant's claim that he was denied access to the courts, he failed to allege that any named defendant prevented him from gaining access to the library and made wholly conclusory and inconsistent allegations regarding the delay and opening of his legal mail. Greater accuracy and specificity are required of even *pro se* plaintiffs faced with a motion for summary judgment. *Salahuddin v. Coughlin*, 781 F.2d 24, 29 (2d Cir.1986).

Appellant's claim that he was improperly denied congregate religious services was properly dismissed. *Young v. Coughlin*, 866 F.2d 567 (2d Cir.1989), is not to the contrary. *Young* held that courts should not simply assume that prison officials were justified in limiting a prisoner's free exercise rights when the prisoner was in disciplinary confinement for refusing to accept certain job assignments. *Id.* at 570. We suggested a case-by-case analysis because " 'not all segregated prisoners are potential troublemakers.' " *Id.* (quoting *LaReau v. MacDougall*, 473 F.2d 974, 979 n. 9 (2d Cir.1972). In this case, appellant was in SHU for fighting with another inmate. Given that appellant posed a threat to the safety of other prisoners and that the state forbade only congregate religious services and not his solitary practice of religion, the state's purpose was legitimate.

Affirmed.