■ In the Matter of YASHUA AMEN SHEKHEM EL BEY, Petitioner, v NEW YORK CITY DEPARTMENT OF CORRECTION et al., Respondents. [742 NYS2d 30] —Determination of respondent Correction Commissioner, dated on or about April 27, 2000, dismissing petitioner from his position as a correction officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Alice Schlesinger, J.], entered on or about December 1, 2000), dismissed, without costs.

There is no merit to petitioner's argument that the charge of falsely claiming exemption from federal income taxation was barred by the 18-month statute of limitations in Civil Service Law § 75 (4). Such misconduct constituted a crime under 26 USC § 7205 (fraudulent withholding exemption certificate or failure to supply information) and Penal Law § 175.30 (offering a false instrument for filing in the second degree), and, as such, is expressly excluded from section 75 (4) (see, Matter of Mieles v Safir, 272 AD2d 199). Substantial evidence supports respondent's findings that petitioner submitted false information on a Certificate of Exemption and Withholding in Lieu of IRS Form W-4, was excessively absent, left his residence without authorization while on sick leave, failed to log in and out with the Health Management Division, failed to comply with an instruction to present his firearms to the Health Maintenance Division, and attended an administrative hearing in another matter without authorization while on sick leave, all in violation of respondent's rules. No basis exists to disturb respondent's findings of credibility. The penalty of dismissal does not shock our sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233). Concur—Andrias, J.P., Saxe, Ellerin, Marlow and Gonzalez, JJ.