■ In the Matter of QUADROZZI CONCRETE CORP., Appellant, v JOEL A. MIELE, SR., P.E., et al., Respondents. [774 NYS2d 755]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Department of Environmental Protection, dated April 24, 2001, precluding the petitioner from supplying concrete to a contractor on a particular project, the petitioner appeals from a judgment of the Supreme Court, Queens County (O'Donoghue, J.), dated August 13, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, which sought to act as a concrete supplier to a contractor on a pollution control project, contends that the challenged determination was reached in contravention of Rules of New York City Procurement Policy Board (9 RCNY) § 2-08. However, this regulation applies to contractors, not suppliers (*see Matter of C/S Window Installers v New York City Dept. of Design & Constr.,* 304 AD2d 380 [2003]). Moreover, the determination precluding the petitioner from acting as a concrete supplier for the project based upon the criminal conviction of its principal and litigation between the City of New York and the petitioner and its affiliates which resulted in judgments in favor of the City was not arbitrary and capricious (*see Abco Bus Co. v Macchiarola,* 52 NY2d 938 [1981], *cert denied* 454 US 822 [1981]; *Romano Enters. of N.Y. v New York City Dept. of Transp.,* 254 AD2d 233 [1998]; *Matter of Tully Constr. Co. v Hevesi,* 214 AD2d 465 [1995]; *Matter of Perna Contr. Corp. v City of New York, Off. of Mayor, Off. of Contrs.,* 191 AD2d 232, 233 [1993]; *Matter of Grgas Contr. Co. v Mercklowitz,* 168 AD2d 678, 679 [1990]).

The petitioner's contention that the challenged determination was pursuant to a de facto debarment based upon the criminal conviction of its principal in 1992 is not supported by the record, since the determination was based upon the conduct of the petitioner, its principal, and related corporations occurring over a period of nearly nine years from 1992 up to and including the date of the determination.

The petitioner's remaining contentions are without merit. Ritter, J.P., Goldstein, Crane and Rivera, JJ., concur.