**QUADROZZI CONCRETE CORP.,**
Plaintiff–Appellant,

v.

**CITY OF NEW YORK, New York City Department of Environmental Protection, Rudolph W. Guiliani, Randy Mastro, Joel A. Miele, Sr., Stuart M. Erdfarb and Michael Best, Defendants–Appellees.**

No. 04–5599.

United States Court of Appeals, Second Circuit.

Aug. 23, 2005.

Joseph Paykin (James Klatsky, on the brief), Raice, Paykin & Krieg LLP, New York, New York, for Appellant.

Drake Colley, Assistant Corporation Counsel (Leonard Koerner, Chief Assistant Corporation Counsel; Edward F.X. Hart, Senior Appellate Litigator, on the brief), for Michael A. Cardozo, Corporation Counsel, New York, New York, for Appellees.

PRESENT: CALABRESI, RAGGI, Circuit Judges, and MURTHA, District Judge.[1]

---

1. The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

**18**

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on October 4, 2004, dismissing plaintiff-appellant Quadrozzi Concrete Corp.'s complaint is hereby AFFIRMED.

Plaintiff-appellant Quadrozzi Concrete Corp. sued the defendants-appellees pursuant to 42 U.S.C. § 1983 for violations of the Fourteenth Amendment's Equal Protection Clause in connection with their repeated refusals to allow Quadrozzi to perform as a subcontractor on public construction projects. We assume the parties' familiarity with the facts and the history of prior proceedings in this case, including Quadrozzi's unsuccessful New York State Article 78 challenge to its purported debarment, and we reference these only as necessary to explain our decision to affirm.

We review a decision to dismiss *de novo, see Seinfeld v. Gray,* 404 F.3d 645, 648 (2d Cir.2005), and will affirm only if we are satisfied that the plaintiff can prove no set of facts that would entitle it to relief on its claims, *see Velez v. Levy,* 401 F.3d 75, 84 (2d Cir.2005).

■ Applying this standard, we conclude that the district court correctly determined that *res judicata* bars Quadrozzi's equal protection claims for injunctive relief. *See Monahan v. New York City Dep't of Corrs.,* 214 F.3d 275, 284–85 (2d Cir.2000) ("The doctrine of *res judicata,* or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" (quoting *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980))). Having opted not to include those claims in its Article 78 peti-

tion, Quadrozzi cannot assert them in federal court.

■ As for Quadrozzi's equal protection claims for damages, because the complained-of refusals constitute discrete, even if related, acts, *see National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), the district court properly dismissed as untimely all claims but one: the 2001 Newton Creek project rejection, *see Washington v. County of Rockland,* 373 F.3d 310, 317 (2d Cir.2004) (noting three-year statute of limitations applicable to § 1983 claims).

Although defendants submit that this single timely claim was properly dismissed under the *Rooker/Feldman* doctrine, the argument is called into question by the Supreme Court's recent decision clarifying the distinction between *Rooker/Feldman* and preclusion doctrines. *See ExxonMobil Corp. v. Saudi Basic Indus. Corp.,* —— U.S. ——, 125 S.Ct. 1517, 1526, 161 L.Ed.2d 454 (2005); *see also Burkybile v. Board of Educ.,* 411 F.3d 306, 313 n. 3 (2d Cir.2005). We need not resolve this issue because we nevertheless conclude that state court findings in the Article 78 proceeding and the appeal therefrom, viewed collectively, are sufficient to preclude, as a matter of collateral estoppel, Quadrozzi's federal equal protection challenge to the Newton Creek rejection.

Quadrozzi relies on two theories to support its equal protection claim: (1) it challenges as irrational the distinction drawn by Procurement Policy Board Rule 4–10 between contractors and subcontractors in setting limits on debarment, and (2) it claims "class of one" discrimination vis-à-vis comparably situated subcontractors. Both theories require a showing of irrationality in the defendants' challenged conduct. *See Heller v. Doe,* 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993) (noting that, where charged discrimination

involves no suspect classification, a plaintiff must demonstrate the absence of any "rational relationship between the disparity of treatment and some legitimate governmental purposes"); *Harlen Assocs. v. Incorporated Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir.2001) (ruling that "class of one" claim requires showing of intentionally different treatment from others similarly situated with " 'no rational basis for the difference' " (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (*per curiam* ))). The Article 78 court, however, found that Quadrozzi's rejection from the Newton Creek Project was "rational," *Quadrozzi Concrete Corp. v. Miele*, Ind. No. 22100/01, at 13 (Sup.Ct., Queens Cty. July 2, 2002), a finding that the Appellate Division affirmed after having considered the entire course of Quadrozzi's conduct "occurring over a period of nearly nine years from 1992 up to and including the date of the [Newton Creek] determination," *Quadrozzi Concrete Corp. v. Miele*, 5 A.D.3d 686, 687, 774 N.Y.S.2d 755, 756 (App. Div., 2d Dep't 2004). This finding precludes plaintiff from asserting otherwise in his § 1983 suit.

To the extent the district court thought collateral estoppel might not apply in this case because the state court had considered defendants' refusal to permit Quadrozzi to perform as a subcontractor on the Newton Creek project without considering earlier refusals on other projects, we note that the alleged pattern of refusals is relevant to establishing defendants' purported longstanding debarment of Quadrozzi, but not to the rationality of their challenged refusal decision on the Newton Creek project. Thus, the state court's independent determination of rationality in connection with defendants' actions with respect to the Newton Creek project is properly afforded preclusive effect in this case.

The October 4, 2004 judgment of the district court dismissing plaintiff-appellant Quadrozzi Concrete Corp.'s complaint is hereby AFFIRMED.