Yashua Amen SHEKHEM'EL–BEY, Plaintiff pro se,

v.

State of NEW YORK, The City of New York; Bernard Kerik, Commissioner of the New York City Department of Correction (DOC); Michael Caruso, Inspector General DOC; Carl Dicarlo, Assistant Commissioner of Trials and Litigation, DOC; Jack W. Louden, Supervising Attorney for DOC; Rose Luttan Ruben, Chief Administrative

Law Judge (Chief ALJ) of the Office of Administrative Trials and Hearings of the City of New York (Oath); Diedra L. Tompkins, Administrative Law Judge (ALJ) of Oath; all in the individual and/or capacities, Defendants.

No. 03 Civ. 1050(JES).

United States District Court, S.D. New York.

Dec. 11, 2006.

Yashua Amen Shekhem' El–Bey, New York, New York, Plaintiff pro se.

Eliot Spitzer, Attorney General of the State of New York, New York, New York, Michael E. Peeples, Assistant Attorney General, for Defendant State of New York, of counsel.

Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York, Michael Delarco, Blanche Greenfield, Assistant Corporation Counsel, for City Defendants, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff *pro se* Yashua Amen Shekhem' El–Bey ("plaintiff" or "Mr. El–Bey" or "El–Bey"), a former New York City Department of Correction ("the DOC" or "the Department") officer, brings this action against various defendants including the City of New York, multiple DOC employees, other individual New York City Officials ("the City Defendants"), and the State of New York (collectively "defendants"). Mr. El–Bey was terminated from his position with the DOC after filing false tax documents. In his Amended Verified Complaint, El–Bey seeks a declaration that the crime exception clause of the New York Civil Service Law (the "CSL"), § 75(4) ("the crime exception clause"), on its face and as applied to plaintiff, violates the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff requests that the Court nullify the DOC's administrative decision terminating his employment and order the Supreme Court of New York, Appellate Division, First Department to reverse its ruling upholding his termination. Defendants move to dismiss plaintiff's claims for failure to state a claim upon which relief can be granted. For the reasons set forth below, the Court grants defendants' motions to dismiss plaintiff's Complaint in its entirety.

## BACKGROUND

Plaintiff began working as a correction officer for the New York City DOC in June 1983. *See* El–Bey Compl. ("Compl.") ¶ 19. In June 1998, the DOC

filed disciplinary charges against plaintiff based on his 1993 submission to DOC of a tax document entitled "Certificate of Exemption from Withholding in Lieu of IRS Form W–4," falsely claiming that he was exempt from any income tax withholding. *See id.* ¶¶ 20–27 & Exh. A. CSL § 75(4) sets forth an 18–month statute of limitations applicable to disciplinary proceedings brought against civil service employees. CSL § 75(4). Under the crime exception clause, however, where the conduct complained of, if proven in a court of appropriate jurisdiction, would constitute a crime, the limitations period does not apply. *Id.* Because the filing of false tax documents would, if proven in a court of competent jurisdiction, constitute a crime, the 18–month limitations period did not apply to the charges brought against El–Bey, and the DOC was permitted to charge El–Bey more than five years after the alleged offense.

On February 8, 2000 the Office of Administrative Trials and Hearings ("OATH") conducted an a disciplinary hearing on the charges brought against El–Bey. *See* Compl. ¶ 28. Administrative Law Judge Diedra L. Tompkins found plaintiff guilty of the charges and recommended to the Commissioner of the DOC that plaintiff be terminated from his employment with the Department. *See id.* ¶ 46. Former DOC Commissioner Bernard Kerik adopted this recommendation, terminating plaintiff on April 27, 2000. *See id.* ¶ 49. On August 17, 2000, plaintiff brought an Article 78 proceeding in New York State Supreme Court challenging the DOC's decision to terminate his employment. *See id.* ¶ 50; *see also El Bey v. New York City Dep't of Corr.,* 294 A.D.2d 164, 742 N.Y.S.2d 30 (1st Dep't 2002). Plaintiff claimed, *inter alia,* that he was wrongfully discharged from employment with the DOC and that his due process rights were violated at the OATH proceeding. *See El–Bey v. City of New York,* 419

F.Supp.2d 546, 549 (S.D.N.Y.2006). That case was transferred to the Appellate Division, First Department, which on May 9, 2002 denied plaintiff's petition in its entirety. *See El Bey,* 294 A.D.2d at 164, 742 N.Y.S.2d at 31. Mr. El–Bey did not appeal that decision. Plaintiff has previously filed four related lawsuits in this Court— *El–Bey v. City of New York,* 98 Civ. 2745, *El–Bey v. City of New York,* 97 Civ. 4177, *El–Bey v. City of New York,* 99 Civ. 12490, and *El–Bey v. State of New York,* 00 Civ. 9260—asserting claims against many of the same defendants named in this action. Those actions challenged the DOC's sick leave policies and plaintiff's suspension from employment with the DOC, raising due process and equal protection claims under the United States and New York State Constitutions. This court dismissed all of those claims in separate decisions in May 2001 and March 2006. *See El–Bey,* 151 F.Supp.2d 285 (S.D.N.Y.2001); 419 F.Supp.2d at 548.

Plaintiff filed the instant suit on February 14, 2003, now alleging that the crime exception clause, pursuant to which the DOC was able to charge Mr. El–Bey with disciplinary violations more than eighteen months after the alleged misconduct, violates the Fifth and Fourteenth Amendments to the United States Constitution, as applied to him and on its face. Defendants argue that plaintiff's as-applied constitutional claims are barred by the Rooker–Feldman doctrine and by the doctrine of *res judicata* based on his Article 78 proceeding, and that his facial constitutional claims fail to state a claim upon which relief can be granted.

## DISCUSSION

In considering a motion to dismiss, a court must accept as true all factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff. *Rombach v. Chang,* 355

F.3d 164, 169 (2d Cir.2004). Dismissal is only appropriate where it "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir.2000). In deciding a motion to dismiss, the Court may consider documents referenced in the complaint, documents that the plaintiff relied on in bringing suit, and matters of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002).

 The court has the duty to read the pleadings of a *pro se* plaintiff liberally and interpret them to "raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994). A *pro se* plaintiff is not, however, exempt from complying with the relevant rules of procedural and substantive law. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983).

### A. Claims Against the State of New York

 The Eleventh Amendment to the United States Constitution bars suits in federal court by citizens against a state absent Congressional abrogation of sovereign immunity or a State's consent to suit. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54–55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Mr. El–Bey's claims against the State of New York are barred by the Eleventh Amendment, as Congress has not abrogated state sovereign immunity, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1988), nor has New York waived its Eleventh Amendment immunity to suits in federal court, *see Trotman v. Palisades Inter-state Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir.1977).

### B. Claims Against the Remaining Defendants

 On December 6, 2000, Mr. El–Bey filed a previous complaint in this Court which raised seventeen causes of action, arising under 42 U.S.C. §§ 1981, 1983, various provisions of the United States and New York State Constitutions, New York State Human Rights Law, and New York City Human Rights Law against the City of New York, multiple DOC officials, and other individual New York City Officials. *See generally El–Bey*, 419 F.Supp.2d 546. He challenged his termination from the DOC, alleging that defendants discriminated against him based on his race, color, religion, and national origin and violated his due process rights prior to, during, and following his termination from the DOC. *See id.* at 548. This Court considered the merits of that suit, and dismissed all of Mr. El–Bey's claims by Memorandum Opinion and Order dated March 3, 2006. *See id.*, 419 F.Supp 2d 546, 553.

 The doctrine of *res judicata*, or claim preclusion, holds that a final judgment on the merits in an action bars the parties to that action, or those in privity with them, from relitigating issues which were or could have been raised in that action. *Quadrozzi Concrete Corp. v. City of New York*, 149 Fed.Appx. 17, 18 (2d Cir.2005) (citing *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). *Res judicata* need not be raised by the defendant, the court may raise the issue *sua sponte*. *See Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir.1993).[1]

---

1. Because Mr. El–Bey's December 2000 suit had not yet been dismissed by this Court at the time defendants filed their motions to dismiss this Complaint, the claim preclusive effect of the prior action's dismissal on Mr. El–Bey's current claims was not specifically addressed by the parties. Defendants did, however, raise the defense of *res judicata* in their papers, arguing that Mr. El–Bey's as-applied constitutional challenges are barred based on his Article 78 proceeding. *See* State of New York's Mem. at 3, 8–10; City of New York's Mem. at 3,6.

*Res judicata* bars any claim where 1) there was a final judgment on the merits in a prior action; 2) the prior action involved the same parties or their privies; and 3) the claims were, or could have been, raised in the prior action. *See Monahan v. New York City Dep't of Corrs.,* 214 F.3d 275, 284–85 (2d Cir.2000).

This Court's dismissal of El–Bey's December 7, 2000 Complaint in its entirety constituted a final judgment on the merits.[2]

 The second requirement of *res judicata* is that the two actions involved the same parties or their privies. Identity of all parties, excepting the State of New York, is achieved in this suit because all defendants in this suit were either named in the prior suit or are in privity with defendants named in that suit. The City of New York, Jack W. Louden, Rose Luttan Ruben, and Diedre L. Tompkins were named in the prior suit; Michael Caruso, Inspector General of DOC, was not named in the prior suit, but various other DOC officials—Bernard Kerik, Carl DiCarlo, Jack W. Louden, and Luis R. Burgos— were. *See El–Bey,* 419 F.Supp.2d 546. It is well established that government officials sued in their official capacity are considered to be in privity with each other, *see Sunshine Anthracite Coal Co. v. Adkins,* 310 U.S. 381, 402–03, 60 S.Ct. 907, 84 L.Ed. 1263 (1940), such that a judgment for an official of a government agency precludes a subsequent action on the claim against an official of the same government agency, *see Bloomquist v. Brady,* 894 F.Supp. 108, 114 (W.D.N.Y.1995)(Secretary of United States Treasury in privity with manager of Criminal Investigation Division of IRS because both in privity with United States); *Vega v. Lantz,* No. 304–1215, 2006 WL 2788374, at *5 (D.Conn.2006)(Connecticut Department of Correction officials in privity with Connecticut Commissioner of Correction because both in privity with Connecticut Department of Correction). Michael Caruso is in privity with the DOC officials sued in the prior action; as a result, with the exception of the State of New York (against which the claim is barred on other grounds), there is complete identity of parties in this suit and Mr. El–Bey's December 2000 suit.[3]

 The last requirement is that the claims sought to be barred by *res judicata* were, or could have been, raised in the prior action. New York employs a trans-

**2.** Mr. El–Bey's pending appeal of the Court's March 3, 2006 decision does not affect the finality of that judgment for *res judicata* purposes. *See Huron Holding Corp. v. Lincoln Mine Operating Co.,* 312 U.S. 183, 189, 61 S.Ct. 513, 85 L.Ed. 725 (1941); *Sherman v. Jacobson,* 247 F.Supp. 261, 268–70 (S.D.N.Y. 1965). Likewise, it is irrelevant for preclusion purposes that this Court issued its final judgment in the "prior" action after the "subsequent" action was filed. *See Milltex Indus. Corp. v. Jacquard Lace Co.,* 922 F.2d 164, 165–68 (2d Cir.1991).

**3.** All individual defendants in the current action, including Michael Caruso, were named in their "individual and/or official capacities." Generally, government officials sued in their individual capacities are not considered to be in privity with the government. *See Kentucky v. Graham,* 473 U.S. 159, 165–67, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Absent a single allegation that the individual defendants acted outside the scope of their employment or were otherwise personally involved in the alleged violations, however, this Court must assume that plaintiff's claims against the individual defendants are viable only as official capacity claims. *See Perkins v. City of New Rochelle,* No. 00–0725, 2001 U.S. Dist. LEXIS 24945, at *23 n. 6, *adopted by Perkins v. City of New Rochelle,* No. 00–0725, 2002 WL 31496204 (S.D.N.Y. Nov.7, 2002); *cf. Degrafinreid v. Ricks,* 452 F.Supp.2d 328, 332–33 (S.D.N.Y.2006) (employees are considered to be acting within the scope of their employment whenever discharging official duties).

actional approach to claim preclusion—all claims arising out of the same transaction or series of transactions are barred once a claim is brought to a final conclusion, even if based upon other legal theories or seeking a different remedy. *Yoon v. Fordham Univ. Faculty and Admin. Retir. Plan,* 263 F.3d 196, 200 (2d Cir.2001). El–Bey's current complaint challenges his termination on the grounds that the crime exception clause is unconstitutional. El–Bey's previous complaint also raised constitutional claims challenging his termination, alleging, among other things, that the DOC violated his due process rights by filing disciplinary charges against him after the 18–month statute of limitations had expired. The same series of transactions which formed the basis of the constitutional challenges raised in his prior suit—El–Bey filing a false tax document with the DOC, the DOC charging El–Bey with disciplinary violations, the OATH hearing, and El–Bey's resulting termination—give rise to the constitutional claims asserted in his current complaint. Therefore El–Bey could, and should, have raised the newly asserted claims in his prior suit. El–Bey's present suit is merely an attempt to raise an additional theory of unconstitutionality, not asserted in the prior suit, and is therefore barred by the doctrine of *res judicata.*

## CONCLUSION

The Court therefore concludes that all of Mr. El–Bey's claims are barred by the doctrine of *res judicata.* Defendants' Motions to Dismiss the Complaint are granted in their entirety.