13-2258-cv
*Wisoff v. City of Schenectady*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of May, two thousand fourteen.

PRESENT:
RALPH K. WINTER,
JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
*Circuit Judges.*

_____

ANDREW E. WISOFF,

*Plaintiff-Appellant*,

v.                                                                           No. 13-2258-cv

CITY OF SCHENECTADY, NEW YORK, KAREN A. DRAGO,
SCHENECTADY COUNTY COURT JUDGE,

*Defendants-Appellees,*

LAURA TRACY-IRELAND, SCHENECTADY COUNTY COURT
LAW CLERK, COUNTY COURT, SCHENECTADY, NY,

*Defendants.*[*]

_____

---

[*] The Clerk of Court is directed to amend the caption in this case to conform to the listing of the parties above.

**FOR ANDREW E. WISOFF:**                   Andrew E. Wisoff, *pro se*, Niskayuna, NY.

**FOR KAREN A. DRAGO:**                      Barbara D. Underwood, Solicitor General, Denise A. Hartman, Victor Paladino, Assistant Solicitors General of Counsel, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

**FOR CITY OF SCHENECTADY:**                 Alaina K. Laferriere, Carter, Conboy, Case, Blackmore, Maloney, & Laird, P.C., Albany, NY.

Appeal from a May 7, 2013 judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Andrew Wisoff, *pro se*, brought a 42 U.S.C. § 1983 action against the City of Schenectady and Hon. Karen A. Drago, Schenectady County Court Judge. In his proposed third amended complaint,[1] Wisoff alleged that Judge Drago deprived him of procedural due process by dismissing, without notice and an opportunity to be heard, his appeal of his conviction and fine for city code violations, and that the City improperly benefitted by collecting the fine. Wisoff sought an order vacating the dismissal of his appeal, reinstating a stay on his payment of the fine, and directing the City to reimburse him for the fine. The District Court dismissed the action. The issues on appeal are whether judicial immunity and/or the so-called "*Rooker-Feldman*" doctrine barred Wisoff's claims against Judge Drago, and whether Wisoff failed to state a claim against the City pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

In reviewing the dismissal of Wisoff's complaint, we apply the familiar standards of review. "When reviewing a district court's dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), we review factual findings for clear error and legal conclusions *de novo*." *Close v. New York*, 125 F.3d 31, 35-36 (2d Cir. 1997). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

---

[1] Because Wisoff sought leave to file a third amended complaint while defendants' motion to dismiss was pending, the District Court considered the merits of defendants' motion in light of the allegations contained in this most recent complaint, which names only the City and Judge Drago as defendants.

We similarly "review *de novo* the grant of a motion to dismiss for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). We accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *Id.* The complaint "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Upon such review, we see no error in the dismissal of Wisoff's claim against Judge Drago for substantially the reasons stated in the District Court's order—namely, that Wisoff failed to establish subject-matter jurisdiction in light of the *Rooker-Feldman* doctrine and, in the alternative, that Judge Drago is entitled to judicial immunity. We also conclude that the District Court did not err in dismissing Wisoff's due process claim against the City pursuant to *Monell* for failure for failure to allege a municipal "policy" or "custom" that caused Wistoff's alleged injury. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).[2]

## CONCLUSION

We have considered all of the arguments raised by Wisoff on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's May 7, 2013 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Because the City moved to dismiss under Rule 12(b)(1), not 12(b)(6), the District Court's dismissal of Wisoff's due process claim against the City for failure to adequately allege *Monell* liability was a *sua sponte* dismissal. A district court may dismiss an action *sua sponte* for failure to state a claim so long as the plaintiff is given notice of the grounds for dismissal and an opportunity to be heard. *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991). Here, although the City moved to dismiss under the wrong Rule, its motion was entirely premised on Wisoff's failure to allege the existence of a municipal policy, practice, or custom that caused the alleged violation of his constitutional rights. As such, Wisoff had the required notice and opportunity to be heard.