■ In the Matter of NATIONAL COMPRESSOR EXCHANGE, INC., Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [7 NYS3d 342]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority dated April 10, 2013, which deemed the petitioner to be a "non-responsible" bidder for the subject contract and ineligible to be awarded the subject contract, the petitioner appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (F. Rivera, J.), dated June 4, 2013, as denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

Our review of the subject determination of the respondent, the New York City Transit Authority (hereinafter the NYCTA), which concluded that the petitioner was a nonresponsible bidder for the subject contract (*see* Public Authorities Law § 1209 [1]), is limited to "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; *see Matter of DeFoe Corp. v New York City Dept. of Transp.*, 87 NY2d 754, 760 [1996]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]). We may disturb the subject determination only if no rational basis exists for its conclusion (*see Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d 144, 149 [1985]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 230-231).

Here, there was a rational basis for the NYCTA's determination that the petitioner was a nonresponsible bidder for the

subject contract, a conclusion that was based on, among other things, undisputed facts, including the petitioner's 2³/₄-year federal debarment (exclusion from federal contracts) ending February 17, 2012, the 2008 federal criminal conviction of the petitioner's vice president of sales, Robert Brosnan, for providing fraudulent documents to the United States Department of Defense, the petitioner's admission, in a deferred prosecution agreement it entered into with the United States Department of Justice, that, through Brosnan, it had knowingly provided nonconforming military parts and equipment to the United States Department of Defense, and the petitioner's rehiring of Brosnan as vice president of sales after he served his prison sentence. The determination that the petitioner falsely indicated, in its bid papers, that none of its officers or managerial employees had been convicted of a crime involving obtaining or attempting to obtain or performing a public transaction or contract for a public transaction within the past 10 years, also is supported by a rational basis.

The petitioner's remaining contentions are without merit.

Accordingly, we affirm the Supreme Court's denial of the petition and dismissal of the proceeding (*see Matter of Daxor Corp. v State of N.Y. Dept. of Health*, 90 NY2d 89, 101 [1997]; *Matter of Toussie v County of Suffolk*, 26 AD3d 506, 507 [2006]; *Matter of Quadrozzi Concrete Corp. v Miele*, 5 AD3d 686, 687 [2004]; *Matter of Tully Constr. Co. v Hevesi*, 214 AD2d 465 [1995]; *Matter of A. Grgas Contr. Co. v Mercklowitz*, 168 AD2d 678, 679 [1990]). Rivera, J.P., Chambers, Miller and Duffy, JJ., concur.