■ In the Matter of ROBERT STONE et al., Appellants, v JAMES M. FARR et al., Respondents. [23 NYS3d 317]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination by James M. Farr, the Floodplain Administrator and Town Engineer for the Town of Blooming Grove, refusing to certify the petitioners' real property as "substantially damaged" so that it would be eligible to be included in a Federal Emergency Management Agency hazard mitigation buyout program, or, in the alternative, in effect, for an award of compensatory damages pursuant to CPLR 7806, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Orange County (Bartlett, J.), dated September 16, 2013, as denied the petition insofar as asserted against James M. Farr and, in effect, dismissed the proceeding insofar as asserted against James M. Farr.

Motion by James M. Farr, inter alia, to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated September 15, 2014, that branch of the motion which was to dismiss the appeal on the ground that it has been rendered academic was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers

filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal is granted to the extent that the appeal from so much of the judgment as denied that branch of the petition which was to annul the determination by James M. Farr refusing to certify the petitioners' real property as "substantially damaged" so that it would be eligible to be included in a Federal Emergency Management Agency hazard mitigation buyout program, and to direct James M. Farr to certify the petitioner's real property as "substantially damaged" so that it would be eligible to be included in a Federal Emergency Management Agency hazard mitigation buyout program, is dismissed as academic, without costs or disbursements, and that branch of the motion is otherwise denied; and it is further,

Ordered that the judgment is reversed insofar as reviewed, on the law, without costs or disbursements, so much of the petition as, in effect, sought an award of compensatory damages pursuant to CPLR 7806 is reinstated insofar as asserted against James M. Farr, and the matter is remitted to the Supreme Court, Orange County, for further proceedings in accordance herewith.

In late 2011, the petitioners began the process of applying for a Federal Emergency Management Agency hazard mitigation buyout of real property owned by them in the Town of Blooming Grove, Orange County, due to ongoing flooding on their property and related damage to their house. The petitioners commenced this proceeding, inter alia, to review the refusal of James M. Farr, the Floodplain Administrator and Town Engineer for the Town, to certify that their property had been "substantially damaged" by the flooding, under the guidelines issued for the subject hazard mitigation buyout program. The petitioners alleged that, under the circumstances of this case, without Farr's certification they would not be eligible for a buyout acquisition of their property, which would have allowed them to sell the property at its pre-flood market value. In the alternative, they, in effect, sought an award of compensatory damages pursuant to CPLR 7806. Farr failed to answer the petition.

In this case, our review of Farr's determination is limited to whether the determination was "made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; see Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; Matter of Gilman v New York State Div. of Hous. & Community Renewal, 99

NY2d 144, 149 [2002]; *Matter of National Compressor Exch., Inc. v New York City Tr. Auth.*, 127 AD3d 867 [2015]; *Matter of Manko v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 88 AD3d 719, 720 [2011]). In such a proceeding, courts examine whether the action taken has a rational basis, and will overturn that action "where it is 'taken without sound basis in reason' or 'regard to the facts' " (*Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010], quoting *Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232 [1974]; *Matter of National Compressor Exch., Inc. v New York City Tr. Auth.*, 127 AD3d at 867). Based upon the record before us, we find that there was no rational basis for Farr's refusal to certify that the subject property had been "substantially damaged" by the flooding, in view of the uncontroverted proof submitted to Farr that the subject property met the pertinent guidelines for this certification. Accordingly, the Supreme Court erred in denying the petition insofar as asserted against Farr, and, in effect, dismissing the proceeding insofar as asserted against him.

However, in light of the petitioners' sale of the subject property following the issuance of the judgment appealed from, directing Farr to issue the certification in question would serve no purpose. In their petition, the petitioners also requested, as alternate relief, compensatory damages, which they identify as the difference between the sale price of the property and what they would have received from a buy-out acquisition. Accordingly, the Supreme Court should conduct further proceedings on the issue of damages only. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.