■ CAROL KATZ, Appellant-Respondent, v BENNETT R. KATZ, Respondent-Appellant.—Order, Supreme Court, New York County (Hortense W. Gabel, J.), entered March 15, 1985, which granted plaintiff's motion for summary judgment to the extent of dismissing the seventh, tenth, eleventh, twelfth, thirteenth, fourteenth, sixteenth and seventeenth affirmative defenses, the fifteenth affirmative defense in part, and the fourth counterclaim, is unanimously modified, on the law, to the extent of dismissing, in addition, the eighth and ninth affirmative defenses and striking paragraph 63 of the first counterclaim and paragraphs 101 and 102 of the fifth counterclaim, and otherwise affirmed, without costs or disbursements.

This is an action by a divorced wife to recover arrears allegedly due for alimony and child support under a separation agreement which is governed by California law. Special Term correctly concluded that under California law (*Esserman v Esserman,* 136 Cal App 3d 572, 186 Cal Rptr 329), this agreement is amenable to oral modification. Essentially, defendant husband contends that since the dissolution of this 11-year marriage and the execution of the agreement on July 20, 1971, he made payments far in excess of his contractual obligations (e.g., college and tuition expenses for his two daughters), in consideration of which plaintiff agreed to such significant modifications as (1) an initial reduction of her monthly alimony in the sum of $200 per month, and (2) termination of his alimony obligation altogether when plaintiff obtained the gainful employment she undertook to seek and become self-supporting. Defendant further asserts, by way of counterclaims for declaratory relief and damages, that plaintiff's breaches of the agreement, as modified, have entirely extinguished her rights. In light of defendant's proof in support of the foregoing, we agree with Special Term's conclusion that the defenses of waiver, estoppel, accord and satisfaction, and release were sufficiently supported in defendant's opposing affidavit to raise triable issues of fact. Special Term erred, however, in permitting the eighth and ninth affirmative defenses to stand. The eighth affirmative defense reads in its entirety as follows: "34. Plaintiff has breached and failed to perform her obligations or to comply with all conditions and express and implied covenants present and required of her under the Agreement. By reason thereof, plaintiff is barred from recovery in this action, and defendant has been damaged as hereinafter set forth."

This defense, even were it unencumbered with its vague allusion to unspecified "implied covenants", is insufficient on its face, and we observe that defendant did not seek to replead this defense under CPLR 3211 (e), perhaps because the bulk of it is affirmatively set up in his counterclaims. Some scrutiny of the three surviving counterclaims is therefore in order.

Paragraph 63 of the first counterclaim reads as follows: "63. In violation of said oral agreements, CAROL KATZ did not attempt to support herself and her children as she agreed to do, although CAROL KATZ was fully able and capable of seeking and maintaining employment."

This allegation, in the form pleaded, was unsupported by an adequate evidentiary showing on the summary judgment motion. Defendant's affidavit in opposition was barren of any assertion as to his ex-wife's training and employability, the condition of the job market where she was living, and any offers of employment which she may have declined. Any attempt by defendant to offer such evidence at trial should therefore be precluded. The scope of this assertion should be limited to defendant's contention that if and when plaintiff actually became employed (as she now is) the parties agreed that defendant's obligations should be reduced in an amount reasonably related to her earnings. The trial should not be burdened with any contentions as to plaintiff's lack of diligence, if any, in seeking to become employed, nor is defendant entitled to any benefit which might arise from plaintiff's inability or unwillingness to obtain a job at an earlier time. Likewise, paragraphs 101 and 102 contained in defendant's fifth counterclaim should also be stricken as simply redundant of the matters alleged in paragraph 63.

Special Term properly dismissed the tenth affirmative defense purporting to rely upon plaintiff's alleged relationship with another man. Although Special Term incorrectly relied on New York law, the same result follows under California law absent any showing of cohabitation (see, In re Marriage of Denney, 115 Cal App 3d 543, 171 Cal Rptr 440, 447). Consistent with this ruling, paragraph 64 of the first counterclaim and paragraphs 103 and 104 of the fifth counterclaim should be stricken.

Finally, the ninth affirmative defense alleging failure of consideration should be stricken. It reads as follows: "35. Plaintiff has failed to comply with her obligations or the express or implied covenants of said Agreement, as a result of which there has been a failure of consideration for said

Agreement, and defendant has been damaged as hereinafter set forth."

This defense is facially insufficient, since in the form pleaded it refers to breach of the agreement as modified—a defense fully pleaded elsewhere in the counterclaims. Under defendant's own proofs ample consideration for the modification of the agreement was plaintiff's waiver of her full claims which would otherwise arise under the original agreement. Concur—Kupferman, J. P., Sandler, Fein, Rosenberger and Wallach, JJ.