■ WALCK BROS. AG. SERVICE INC., Respondent, v SUBURBAN PIPELINE CO., INC., et al., Appellants. [688 NYS2d 296] —Order unanimously reversed on the law without costs, motion granted and second cause of action dismissed. Memorandum: Supreme Court erred in denying defendants' motion for partial

summary judgment dismissing the second cause of action alleging that defendant Suburban Pipeline Co., Inc. (Suburban) violated Labor Law § 220-a (1). Suburban was a contractor, and plaintiff its subcontractor, on a public works project for the City of Lockport. Pursuant to a ruling by the Department of Labor, plaintiff was required to pay its employees approximately $40,000 in additional wages for having failed to pay prevailing wages pursuant to Labor Law article 8. In its second cause of action, plaintiff sought reimbursement of that additional cost, alleging that it was unaware of the prevailing wage requirement because Suburban failed to provide plaintiff with a copy of the schedule of wages as required by Labor Law § 220-a (1).

We reject plaintiff's contention that a subcontractor has a private cause of action against a contractor for violation of Labor Law § 220-a (1). A private cause of action is inconsistent with the purposes of the prevailing wage requirements and "incompatible with * * * the means chosen by the Legislature to enforce article 8", and such a cause of action would reward a subcontractor, such as plaintiff, who underpays its employees (*Hoxie's Painting Co. v Cato-Meridian Cent. School Dist.*, 76 NY2d 207, 212). Labor Law § 220-a (1) was added (L 1988, ch 698) to address problems confronted by contractors seeking final payment on a completed contract (*see*, Mem of State Dept of Labor, 1988 McKinney's Session Laws of NY, at 2135).

Even assuming, arguendo, that such a private cause of action exists, we conclude that defendants satisfied their initial burden by establishing compliance with Labor Law § 220-a (1). Plaintiff failed to submit proof in admissible form raising a triable issue of fact with respect to defendants' compliance (*see*, *W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162).

In opposition to defendants' motion, plaintiff also asserted that Suburban failed to comply with Labor Law § 220-d, which requires that "advertised specifications" contain a statement with respect to prevailing wages. Section 220-d addresses the public bidding process (*see*, General Municipal Law § 103 [1]), however, and "was not intended to protect independent contractors from each other in privately negotiated contracts" (*Photo Lab Fabrications v Manshul Constr. Corp.*, 215 AD2d 254). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Hayes, J. P., Wisner, Pigott, Jr., Scudder and Callahan, JJ.