■ HUGO GARCIA, Appellant, v ALLIED PARKING SYSTEMS et al., Respondents. [752 NYS2d 316] —Judgment, Supreme Court, New York County (Barbara Kapnick, J.), entered November 15, 2001, dismissing the complaint, and bringing up for review orders, same court and Justice, entered August 27, 1999 and on or about October 26, 2001, which, inter alia, granted defendants' motions for summary judgment, unanimously affirmed, without costs.

Plaintiff's claims for unpaid overtime wages under 29 USC § 207 (a) (1) (Fair Labor Standards Act) were properly dismissed upon a record establishing that he was paid a salary of more than $250 a week for duties that were primarily managerial and supervisory in nature (*see* 29 CFR 541.1 [f]; *Donovan v Burger King Corp.*, 675 F2d 516, 517-518 [2d Cir]), that his salary was not subject to a significant likelihood of reductions for variations in the quality or quantity of work performed or partial day absences (*see* 29 CFR 541.118 [a]; *Auer v Robbins*, 519 US 452, 461), and that he therefore was a "bona fide executive" within the meaning of the exemption in 29 USC § 213 (a). Plaintiff's claims for attorneys' fees under Labor Law § 198, based on defendants' purported violation of Labor Law § 191 (1) (a) (i) in failing to pay him overtime at the rate provided in his collective bargaining agreement, were properly dismissed. Such claims necessarily require interpretation of the collective bargaining agreement, since defendants are disputing the applicability of the wage schedule invoked by plaintiff, and are therefore preempted by 29 USC § 185 (Labor-Management Relations Act) (*see Livadas v Bradshaw*, 512 US 107, 123-124). In view of the foregoing, it is not necessary to decide whether the individual defendant can be held liable for the overtime compensation obligations alleged herein. We have considered and rejected plaintiff's other arguments. Concur— Williams, P.J., Mazzarelli, Buckley, Friedman and Marlow, JJ.