In the Matter of C/S WINDOW INSTALLERS, INC., Appellant, v NEW YORK CITY DEPARTMENT OF DESIGN AND CONSTRUCTION, Respondent, et al., Respondents. [758 NYS2d 38] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered on or about February 8, 2002, which denied petitioner subcontractor's application to annul respondent New York City Department of Design and Construction's (DDC) directive to respondent contractors to reject petitioner's bids on subcontracting work, unanimously affirmed, without costs.

Assuming that respondent DDC's disapproval of petitioner subcontractor amounts to a governmentally imposed stigma restricting petitioner's ability to seek and obtain employment, and therefore implicates petitioner's liberty interest (*see Quinn v Syracuse Model Neighborhood Corp.*, 613 F2d 438, 446 [2d Cir 1980]), no due process violation occurred since an adequate postdeprivation opportunity to be heard has been provided by this CPLR article 78 proceeding (*see Hellenic Am. Neighborhood Action Comm. v City of New York*, 101 F3d 877, 880-881 [2d Cir 1996], *cert dismissed* 521 US 1140 [1997]; *see also Eastway Constr. Corp. v City of New York*, 762 F2d 243, 250 [2d Cir 1985]). DDC's disapproval of petitioner was rationally based on petitioner's associations with a nonresponsible contractor and with an individual who was convicted of mail fraud and involved with another firm that went out of business with outstanding judgments against it. We note that the Rules of the City's Procurement Policy Board apply to contractors, not subcontractors (*see* 9 RCNY 2-08 [a] [2]), and that under DDC's

contracts with respondent contractors, the contractors' selection of subcontractors is subject to DDC's approval. Concur—Buckley, P.J., Nardelli, Andrias, Friedman and Gonzalez, JJ.