■ Peter Marren et al., Appellants, v William Ludlam, Respondent, et al., Defendant. [790 NYS2d 146]—

In an action, inter alia, to recover on a promissory note, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated July 21, 2003, as granted the motion of the defendant William Ludlam for summary judgment dismissing the second cause of action and denied their cross motion for summary judgment dismissing the counterclaims of that defendant.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, the second cause of action is reinstated, the cross motion is granted, and the counterclaims are dismissed as premature, without prejudice.

The plaintiff Peter Marren owns Marren Mechanical, Inc. (hereinafter Marren Mechanical), which services commercial burners. In or about October 1995 Marren Mechanical hired the defendant William Ludlam, a certified welder and pipe-fitter, to install commercial burners for its customers. Marren and Ludlam later decided to go into business together and formed the defendant Rapid Mechanical, Inc. (hereinafter Rapid). Ludlam agreed to run Rapid and perform various installation, pipe-fitting, welding, and related work, and Marren loaned Rapid $25,000 in start-up money. To secure the $25,000 loan, Rapid executed a promissory note, which Ludlam personally guaranteed. A few months later, disagreements arose, and Marren and Ludlam decided to terminate their business relationship. On or about June 11, 1997, Marren executed a certificate dissolving Rapid. Ludlam remained an employee of Marren Mechanical until December 1998.

In or about September 1999, Marren and Marren Mechanical commenced this action against Ludlam and Rapid, inter alia, to recover on the promissory note. Ludlam answered and counterclaimed for underpayment of wages in violation of the Labor Law. Ludlam moved for summary judgment dismissing the

plaintiffs' second cause of action to recover on the promissory note, and the plaintiffs cross-moved to dismiss the counterclaims. By order dated July 21, 2003, the Supreme Court, inter alia, granted the motion and denied the cross motion. We reverse insofar as appealed from.

The Supreme Court improperly awarded summary judgment in favor of Ludlam on the promissory note. The evidence tendered by Ludlam was insufficient to establish that Rapid's voluntary dissolution resulted in a discharge of the underlying debt, or that such discharge operated to release Ludlam pursuant to General Obligations Law § 15-105 (*see Gold Hart Chemists v Platt,* 37 AD2d 838 [1971]; *cf. Enhance A Colour Corp. v IB Communications,* 248 AD2d 429 [1998]; *Cove Hollow Realty Corp. v 1426 Third Ave. Corp.,* 198 AD2d 42 [1993]). Thus, Ludlam failed to establish his prima facie entitlement to judgment as a matter of law on this ground (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

With respect to Ludlam's alternative contention that Marren orally agreed to allow him to "work off" the underlying debt, we find that Marren, in opposition to Ludlam's prima facie showing, raised triable issues of fact as to the existence of the alleged oral agreement and the satisfaction of the underlying debt (*see Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404 [1957]; *Katz v Katz,* 121 AD2d 298 [1986]). We express no view regarding Marren's contention that the alleged oral agreement was barred by the statute of frauds, as that issue is raised for the first time on appeal (*see DeLeon v New York City Tr. Auth.,* 5 AD3d 531, 532-533 [2004]).

The plaintiffs' cross motion for dismissal of Ludlam's counterclaims should have been granted, since no private right of action for the underpayment of wages exists under Labor Law § 220 until an administrative determination in the employee's favor has been made and has gone unreviewed or has been affirmed (*see Pesantez v Boyle Envtl. Servs.,* 251 AD2d 11, 12 [1998]). Here, the record reveals that an audit by the Department of Labor was still ongoing nearly three years after the counterclaims were asserted. Accordingly, the counterclaims should have been dismissed as premature. Krausman, J.P., Mastro, Spolzino and Fisher, JJ., concur.