■ P & T IRON WORKS, Respondent, v TALISMAN CONTRACTING CO., INC., Appellant. [795 NYS2d 306]—

In an action to recover damages for breach of contract, the defendant appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated October 14, 2004, as granted that branch of the plaintiff's motion which was to strike the affirmative defense based upon violation of Labor Law § 220.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant, Talisman Contracting Co., Inc. (hereinafter Talisman), was the general contractor for a New York City Housing Authority project. The plaintiff, P & T Iron Works (hereinafter P&T) was a subcontractor on the project. P&T commenced this action against Talisman alleging that Talisman failed to make full payment to P&T for the work it performed and the materials it supplied. In its answer Talisman asserted an affirmative defense alleging that P&T was not entitled to any further payment because P&T failed to pay its employees in accordance with the prevailing wage provision of Labor Law § 220 (3). Thereafter, the Supreme Court granted that branch of P&T's motion which was to strike the affirmative defense.

It is settled that "no private right of action for the underpayment of wages exists under Labor Law § 220 until an administrative determination in the employee's favor has been made and has gone unreviewed or has been affirmed" (*Marren v Ludlam,* 14 AD3d 667, 669 [2005]; *see Pesantez v Boyle Envtl. Servs.,* 251 AD2d 11 [1998]; *Matter of Pyramid Co. of Onondaga v Hudacs,* 193 AD2d 924 [1993]). Moreover, such private right of action belongs only to those employees who have been underpaid (*see Matter of International Assn. of Bridge, Structural & Ornamental Iron Workers, Local Union No. 6, AFL-CIO v State of New York,* 280 AD2d 713 [2001]; *Matter of Yerry v Goodsell,* 4 AD2d 395 [1957]).

Talisman has no standing to assert a cause of action under Labor Law § 220. In any event, it is undisputed that there has been no administrative determination that P&T violated the statute's prevailing wage provision. Furthermore, contrary to Talisman's contention, it does not matter that the alleged viola-

tion of Labor Law § 220 (3) has been asserted as an affirmative defense, as opposed to a cause of action. Interposition of such a defense would necessarily require the court to determine the prevailing wage issue in the context of the lawsuit to recover damages for breach of contract. However, as the statute makes clear, determination of a prevailing wage claim is, in the first instance, the exclusive province of the fiscal officer and must be initially subjected to an administrative proceeding (*see* Labor Law § 220 [6], [7], [8]; *see also Walck Bros. AG. Serv. v Suburban Pipeline Co.*, 259 AD2d 1004 [1999]).

Accordingly, the court properly granted that branch of the plaintiff's motion which was to strike the defendant's affirmative defense. Schmidt, J.P., Santucci, Rivera and Spolzino, JJ., concur.