LAWSON BRANDY et al., Appellants-Respondents, v CANEA MARE CONTRACTING, INC., et al., Defendants, AMERICAN SAFETY CASUALTY INSURANCE COMPANY, Respondent, and NATIONAL GRANGE MUTUAL INSURANCE COMPANY et al., Respondents-Appellants. [825 NYS2d 230]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of (1) an order of the Supreme Court, Queens County (Kitzes, J.), dated February 3, 2005, as, upon a finding that they failed to exhaust their administrative remedies, granted those branches of the respective cross motions of the defendants National Grange Mutual Insurance Company and Centennial Insurance Company which were for

summary judgment dismissing the causes of action which were, in effect, pursuant to Labor Law §§ 220 and 220-g to recover on payment bonds issued pursuant to State Finance Law § 137, insofar as asserted against them, and (2) an order of the same court dated August 22, 2005, as, upon reargument, adhered to the original determination, and the defendant National Grange Mutual Insurance Company cross-appeals from so much of (1) the order dated February 3, 2005, as granted the plaintiffs' motion to certify their class and, in effect, denied that branch of its cross motion which was to dismiss the remaining causes of action in the complaint insofar as asserted against it, and (2) the order dated August 22, 2005, as, upon reargument, adhered to the original determination to certify the plaintiffs' class, and the defendant Centennial Insurance Company cross-appeals from so much of (1) the order dated February 3, 2005, as, in effect, denied that branch of its cross motion which was to dismiss the remaining causes of action in the complaint insofar as asserted against it, and (2) the order dated August 22, 2005, as, upon reargument, adhered to the original determination denying that branch of its cross motion which was to dismiss the remaining causes of action in the complaint insofar as asserted against it.

Ordered that the appeal and cross-appeals from the order dated February 3, 2005 are dismissed, without costs or disbursements, as that order was superseded by the order dated August 22, 2005, made upon reargument; and it is further,

Ordered that the order dated August 22, 2005 is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs, on their own behalf and on behalf of a putative class of individuals (collectively the plaintiffs) who furnished labor to the defendant Canea Mare Contracting, Inc., together with a number of other subcontractors, affiliates, and joint venturers (collectively the defendants), on various public works projects, seek to recover wages and benefits to which they were allegedly statutorily and contractually entitled. The defendant sureties National Grange Mutual Insurance Company (hereinafter National Grange) and Centennial Insurance Company (hereinafter Centennial) each supplied a payment bond for one of the various public works contracts.

The plaintiffs moved to certify the class, and National Grange and Centennial each cross-moved for summary judgment dismissing the complaint insofar as asserted against them, on the ground that the plaintiffs failed to exhaust their administrative remedies.

It is undisputed that the plaintiffs did not exhaust their administrative remedies and that exhaustion is required under Labor Law § 220 (*see P & T Iron Works v Talisman Contr. Co., Inc.*, 18 AD3d 527, 528 [2005]; *Marren v Ludlam,* 14 AD3d 667, 669 [2005]). The plaintiffs argue that they did not bring a cause of action against National Grange and Centennial under Labor Law § 220-g but insist that they may still rely on that statute to pursue a direct common-law cause of action against them.

The plaintiffs' contention is without merit. Labor Law § 220-g, as the title "Additional enforcement of article" makes clear, is a mechanism to enforce violations under article 8, and specifically for prevailing wage violations under Labor Law § 220 (*see* Labor Law § 220-g). The "determination of a prevailing wage claim is, in the first instance, the exclusive province of the fiscal officer and must be initially subjected to an administrative proceeding" (*P & T Iron Works v Talisman Contr. Co., Inc., supra* at 529). The Supreme Court properly treated the plaintiffs' causes of action to recover on the bond as causes of action asserting violations of Labor Law §§ 220 and 220-g and thus properly determined that the plaintiffs were required to exhaust their administrative remedies prior to commencing a cause of action pursuant thereto under Labor Law § 220-g (*see P & T Iron Works v Talisman Contr. Co., Inc., supra* at 528-529; *Marren v Ludlam, supra*; *Pesantez v Boyle Envtl. Servs.*, 251 AD2d 11 [1998]; *but see Sullivan v International Fid. Ins. Co.,* 255 AD2d 128 [1998]). The plaintiffs may not circumvent the exhaustion of remedies requirement under the statute by asserting that they did not really bring a cause of action pursuant thereto. Accordingly, the Supreme Court properly granted those branches of the cross motions of National Grange and Centennial which were for summary judgment dismissing those causes of action that were, in effect, pursuant to Labor Law §§ 220 and 220-g.

The Supreme Court, however, properly declined to grant summary judgment to National Grange and Centennial with respect to the plaintiffs' common-law claims for underpayment of wages (*see Pesantez v Boyle Envtl. Servs., supra* at 13, citing *Fata v S.A. Healy Co.*, 289 NY 401 [1943]).

Furthermore, the Supreme Court providently exercised its discretion in granting the plaintiffs' motion for class action certification, certifying the class of individuals who furnished labor to the defendants on various public works projects (*see* CPLR 901 [a]; *Ortiz v Jack Corp.*, 286 AD2d 671 [2001], citing *Friar v Vanguard Holding Corp.*, 78 AD2d 83, 91 [1980]; *see also Jacobs v Macy's E., Inc.*, 17 AD3d 318, 319 [2005]; *Woodrow v Colt Indus.*, 155 AD2d 154, 159 [1990], *mod* 77 NY2d 185 [1991]).

The parties' remaining contentions are without merit. Schmidt, J.P., Adams, Dillon and Covello, JJ., concur.