█ EDWARD D. DRAGONE, Appellant, v BOB BRUNO EXCAVATING, INC., et al., Respondents. [847 NYS2d 251]—

Mercure, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered October 4, 2006 in Cortland County, which, among other things, denied plaintiff's motion for partial summary judgment.

Plaintiff worked as a laborer for defendants for several years until he was laid off in 2003. In this action, he seeks to recover allegedly unpaid overtime compensation for the six years immediately preceding commencement of the action, as well as additional compensation based upon defendants' failure to pay the prevailing wage required by Labor Law § 220. After plaintiff moved for partial summary judgment, defendants cross-moved to dismiss the complaint for, among other things, failure to state a cause of action. As relevant here, Supreme Court denied plaintiff's motion for summary judgment and partially granted defendants' cross motion by dismissing plaintiff's claims for unpaid overtime that accrued prior to July 28, 2001—i.e., more than three years prior to the filing of the summons and complaint—as well as all prevailing wage claims under Labor Law § 220. Plaintiff appeals, asserting that Supreme Court improperly applied a three-year statute of limitations to his claims for unpaid overtime under the New York Labor Law. We agree.

In his pleadings, plaintiff stated a cause of action for unpaid overtime pursuant to both the Fair Labor Standards Act of 1938

(*see* 29 USC § 201 *et seq.*) and Labor Law article 6. Contrary to defendant's argument, an employee may commence an action in Supreme Court to recover unpaid "wages" based upon the substantive provisions of Labor Law article 6 (*see e.g. Truelove v Northeast Capital & Advisory*, 95 NY2d 220, 223 [2000]; *Gottlieb v Kenneth D. Laub & Co.*, 82 NY2d 457, 464 [1993]; *Gebhardt v Time Warner Entertainment-Advance/Newhouse*, 284 AD2d 978, 979 [2001]; *Tuttle v McQuesten Co.*, 227 AD2d 754, 755-756 [1996]; *Cohen v Fox-Knapp, Inc.*, 226 AD2d 207, 207-208 [1996]; *cf. Garcia v Allied Parking Sys.*, 300 AD2d 219, 219 [2002]; *see generally Cox v NAP Constr. Co., Inc.*, 40 AD3d 459, 460-462 [2007], *lv granted* 2007 NY Slip Op 76563[U] [2007]). Under Labor Law § 198 (3), the limitations period to recover on such claims is six years (*see Gottlieb v Kenneth D. Laub & Co.*, 82 NY2d at 464). Thus, while Supreme Court properly concluded that the statute of limitations for plaintiff's claims under the Fair Labor Standards Act of 1938 is two years or, if plaintiff can demonstrate willfulness, three years (29 USC § 207 [a] [1]; § 255 [a]), plaintiff may recover wages that were not paid during the six years that preceded the filing of the complaint if he is successful on his claim under Labor Law article 6 (*see Doo Nam Yang v ACBL Corp.*, 427 F Supp 2d 327, 337-338 [2005]; *see generally Gustafson v Bell Atl. Corp.*, 171 F Supp 2d 311, 323-324 [2001]).*

We reject plaintiff's argument, however, that Supreme Court erred in dismissing his claims under Labor Law § 220. It is well settled that " 'no private right of action for the underpayment of wages exists under Labor Law § 220 until an administrative determination in the employee's favor has been made and has gone unreviewed or has been affirmed' " (*P & T Iron Works v Talisman Contr. Co., Inc.*, 18 AD3d 527, 528 [2005], quoting *Marren v Ludlam*, 14 AD3d 667, 669 [2005], *lv dismissed* 5 NY3d 824 [2005]; *see Pesantez v Boyle Envtl. Servs.*, 251 AD2d 11, 12 [1998]). In addition, we agree with Supreme Court that plaintiff failed to plead any common-law breach of contract claim for underpayment of wages and benefits (*see Maldonado v Olympia Mech. Piping & Heating Corp.*, 8 AD3d 348, 350 [2004]). Finally, in light of the numerous factual disputes regard-

---

* Inasmuch as Supreme Court dismissed all claims accruing prior to July 28, 2001, it did not determine whether plaintiff was entitled to disclosure of any requested records generated prior to that date. In light of the trial court's broad discretion over supervising disclosure and our determination that the statute of limitations on plaintiff's claims under the Labor Law is six years, this matter must be remitted to Supreme Court for a determination on plaintiff's request for additional documents relating to the period preceding July 28, 2001 (*see Czarnecki v Welch*, 13 AD3d 952, 953 [2004]).

ing the alleged underpayment of wages—including the rate due on particular jobs and the amount of plaintiff's hours—Supreme Court properly denied plaintiff's motion for summary judgment (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The parties' remaining arguments are either lacking in merit, unpreserved or otherwise not properly before us.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted defendants' cross motion and dismissed plaintiff's cause of action for unpaid overtime under Labor Law article 6; cross motion denied to that extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

 