*547 Plaintiff is not entitled to summary judgment on its first cause of action for breach of contract against defendant Expert Electric, Inc., sued here as Expert Electrical, Inc. (Expert). Contrary to plaintiffs claim, Expert did not stipulate to plaintiffs performance under the contract. Rather, it stipulated that Expert invoiced the City of New York $136,837.62 for plaintiffs work and received payment from the City in that amount. The evidence submitted by defendants regarding plaintiffs work included affidavits stating that plaintiff walked off the job, leaving its work largely incomplete and, in some instances, unsatisfactorily performed (see Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]).
Further, defendants’ motion for summary judgment dismissing the cause of action for breach of contract should have been granted. Plaintiff refused to comply with paragraph 11 of the subcontract between plaintiff and Expert which required plaintiff to furnish an affidavit stating that all labor and material have been paid for in full, and that no payments were due to plaintiff.
Defendants’ motion for summary judgment dismissing the fourth cause of action (account stated, against Expert) should have been granted and plaintiff’s cross motion for summary judgment on this claim should have been denied. Plaintiff failed to comply with Expert’s request for documentation, including payroll reports, so that Expert could process plaintiffs requisitions (see Labor Law § 220 [3-a] [a] [iii]). Pursuant to the public works contract Expert entered into with the City, the filing of payrolls is a “condition precedent” to payment for work done on the project. Plaintiffs invoices (i.e., requisitions) do not constitute an account stated because plaintiff failed to satisfy the condition precedent for payment, namely, the submission of payroll reports (see Sabre Intl. Sec., Ltd. v Vulcan Capital Mgt., Inc., 95 AD3d 434, 438 [1st Dept 2012]).
*548 The motion court should have granted defendants’ motion for summary judgment dismissing the second cause of action (for payment on the bond issued by defendant Arch Insurance Group, Inc., doing business as Arch Insurance Company [Arch]), and should have denied plaintiff’s cross motion for summary judgment on this claim. Plaintiff claims that it is entitled to summary judgment against Arch because Expert has no defenses to the claims for nonpayment. However, as indicated above, Expert has defenses to nonpayment.
The motion court properly granted plaintiffs cross motion for summary judgment dismissing the first counterclaim and properly denied defendants’ motion for summary judgment on this claim seeking damages for plaintiff’s failure to pay the prevailing wage since there is no private right of action for underpayment of wages pursuant to Labor Law § 220 until there has been an administrative determination that has either gone unreviewed or been affirmed in the claimants-employees’ favor (see Pesantez v Boyle Envtl. Servs., 251 AD2d 11, 12 [1st Dept 1998]) and the private right of action belongs only to the employees who have been underpaid (see P & T Iron Works v Talisman Contr. Co., Inc., 18 AD3d 527, 528 [2d Dept 2005]). We note that there is no evidence of any complaints by plaintiffs employees and that the time to bring such a claim has expired (see Labor Law § 220-b [2] [a] [1]).
Plaintiffs cross motion for summary judgment dismissing the third and fourth counterclaims (wilful exaggeration of a lien [see Lien Law §§39, 39-a]) was properly granted since this is not an action for foreclosure and the lien has since expired (see Wellbilt Equip. Corp. v Fireman, 275 AD2d 162, 166-167 [1st Dept 2000]).
The motion court properly granted plaintiffs cross motion for summary judgment dismissing the fifth counterclaim for attorneys fees and properly denied defendants’ motion for summary judgment on this claim because paragraph 17 of the contract which provides that plaintiff “will not file any lien . . . against any moneys due or to become due to the Contractor from the Owner” and requires plaintiff to “reimburse the Contractor for any and all damages, including attorney’s fees” if a lien is filed, is unenforceable as against public policy (see Lien Law § 34).
We have considered defendants’ remaining arguments and find them unavailing. Concur — Tom, J.P., Sweeny, DeGrasse, Gische and Clark, JJ.