GYM DOOR REPAIRS, INC., on Behalf of Itself and All Other Trust Beneficiaries Similarly Situated, Plaintiff, v ASTORIA GENERAL CONTRACTING CORP. et al., Defendants/Third-Party Plaintiffs-Appellants, et al., Defendants. NEW YORK CITY DEPARTMENT OF EDUCATION et al., Third-Party Defendants-Respondents. [43 NYS3d 381]—

In an action, inter alia, to recover damages for breach of contract, the defendants/third-party plaintiffs appeal from an order of the Supreme Court, Queens County (Kitzes, J.), entered July 3, 2014, which granted that branch of the third-party defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the third-party defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the third-party cause of action alleging breach of contract, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

Astoria General Contracting Corp. (hereinafter AGC), a general contractor, entered into three contracts with the New York City Department of Education (hereinafter the DOE) to make repairs in New York City public schools (hereinafter the subject contracts). In August 2012, the DOE conducted an investigation into AGC, during which three of AGC's alleged employees signed complaints alleging underpayment of wages in violation of Labor Law § 220. Pursuant to Labor Law § 220-b, the Office of the Comptroller of the City of New York (hereinafter the Comptroller) ordered that payment be withheld from AGC on the subject contracts pending the Comptroller's determination as to whether AGC violated Labor Law § 220. The DOE thereafter terminated the subject contracts for cause after determining that AGC was in default for violating

various contractual provisions, including those provisions that required AGC to pay its employees the prevailing wage rates.

Gym Door Repairs, Inc. (hereinafter GDR), a subcontractor that had performed work in connection with the subject contracts, commenced the main action against, among others, AGC and its sole officer and shareholder, Dimitrios Koutsoukos, to recover damages allegedly arising from AGC's failure as the general contractor to pay GDR for labor, material, and services that it had rendered. AGC and Koutsoukos (hereinafter together the third-party plaintiffs) then commenced a third-party action against the DOE and David N. Ross, as Executive Director of the DOE (hereinafter together the third-party defendants), alleging causes of action to recover damages for breach of contract, conversion, unjust enrichment, and "violation of due process." The third-party defendants moved to dismiss the third-party complaint pursuant to CPLR 3012 (b) and 3211 (a) (1) and (7). The Supreme Court denied that branch of the third-party defendants' motion which was pursuant to CPLR 3012 (b) to dismiss the third-party complaint, and granted that branch of the third-party defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the third-party complaint. The Supreme Court held that the third-party complaint failed to state a cause of action and that the documentary evidence conclusively established that the DOE had a legal right and duty under Labor Law § 220-b to withhold payment from AGC pending the Comptroller's determination on the alleged Labor Law § 220 violations. The third-party plaintiffs appeal.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). While a court is "permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7)" (*Sokol v Leader*, 74 AD3d 1180, 1181 [2010]), "where the motion is not converted to one for summary judgment, 'the criterion is whether the [third-party plaintiff] has a cause of action, not whether [it] has stated one, and, unless it has been shown that a material fact as claimed by the [third-party plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate' " (*Weill v East Sunset Park Realty, LLC*, 101 AD3d 859, 859-860 [2012], quoting *Guggenheimer v Ginz-*

*burg*, 43 NY2d 268, 275 [1977]). A motion to dismiss pursuant to CPLR 3211 (a) (1) may appropriately be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d at 88; *Mazur Bros. Realty, LLC v State of New York*, 59 AD3d 401, 402 [2009]).

Pursuant to Labor Law § 220, laborers employed on public works projects must be paid the "prevailing rate of wages" for their trade or occupation in the New York locality where the work is performed (Labor Law § 220 [3] [a]; *see Matter of Beltrone Constr. Co. v McGowan*, 260 AD2d 870 [1999]; *E. Williamson Roofing & Sheet Metal Co. v Town of Parish*, 139 AD2d 97, 102 [1988]). The Comptroller is empowered to investigate the failure to pay the prevailing rate of wages and, after a hearing, to make a determination regarding any alleged prevailing wage violations (*see* Labor Law § 220 [3] [c]; [5] [e]; [7], [8]). "The 'determination of a prevailing wage claim is, in the first instance, the exclusive province of the [Comptroller] and must be initially subjected to an administrative proceeding' " (*Brandy v Canea Mare Contr., Inc.*, 34 AD3d 512, 514 [2006], quoting *P & T Iron Works v Talisman Contr. Co., Inc.*, 18 AD3d 527, 529 [2005]). Prior to any hearing, the Comptroller may direct that payment be withheld to the contractor pending the completion of the investigation (*see* Labor Law § 220-b [2] [a], [c], [d]). All hearings conducted pursuant to the provisions of Labor Law § 220 are conducted by an administrative law judge, who issues a written report to the Comptroller with proposed findings of fact, conclusions of law, and recommendations (*see* 44 RCNY 2-02 [c], [d]; 2-03 [a]). The Comptroller may adopt, reject, or modify the administrative law judge's findings and recommendations (*see* 44 RCNY 2-03 [c]).

The Supreme Court erred in dismissing the third-party cause of action alleging breach of contract on the ground that the third-party defendants had a legal right to withhold payment pursuant to Labor Law §§ 220 and 220-b. Based upon the record before us, there is no indication that the Comptroller has rendered a final determination regarding the alleged Labor Law § 220 violation. As such, the court, in effect, determined the prevailing wage issue, which is within the exclusive province of the Comptroller, prior to a determination by the Comptroller (*see P & T Iron Works v Talisman Contr. Co., Inc.*, 18 AD3d at 528-529). Thus, the evidentiary material submitted by the third-party defendants, which demonstrated that payment to AGC under the subject contracts was withheld pend-

ing the Comptroller's determination, failed to establish that any fact alleged in support of the third-party breach of contract cause of action was undisputedly not a fact, and failed to conclusively establish a defense as a matter of law to that cause of action.

" 'In order to establish a cause of action to recover damages for conversion, the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question . . . to the exclusion of the plaintiff's rights' " (*Nugent v Hubbard*, 130 AD3d 893, 895 [2015], quoting *Mackey Reed Elec., Inc. v Morrone & Assoc., P.C.*, 125 AD3d 822, 824 [2015]). Although " 'a contracting party may be charged with a separate tort liability arising from a breach of a duty distinct from, or in addition to, the breach of contract' " (*Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d 85, 113 [2009], quoting *North Shore Bottling Co. v Schmidt & Sons*, 22 NY2d 171, 179 [1968]), a cause of action alleging conversion cannot be " 'predicated on a mere breach of contract' " (*Weinstein v Natalie Weinstein Design Assoc., Inc.*, 86 AD3d 641, 642 [2011], quoting *Wolf v National Council of Young Israel*, 264 AD2d 416, 417 [1999]; *see Hochman v LaRea*, 14 AD3d 653, 655 [2005]; *Hassett-Belfer Senior Hous. v Town of N. Hempstead*, 270 AD2d 306, 307 [2000]; *see also Edem v Grandbelle Intl., Inc.*, 118 AD3d 848, 849 [2014]; *East End Labs., Inc. v Sawaya*, 79 AD3d 1095, 1096 [2010]). Here, the third-party plaintiffs alleged that the third-party defendants failed to "return" funds owed to AGC for work that AGC performed under the subject contracts, which alleges a mere breach of contract. Accordingly, the third-party defendants established their entitlement to dismissal of the third-party cause of action alleging conversion albeit on a ground different than the one relied upon by the Supreme Court.

The third-party defendants established their entitlement to dismissal of the third-party cause of action alleging unjust enrichment, but also for a reason different from the one relied upon by the Supreme Court. "The elements of a cause of action to recover for unjust enrichment are '(1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered' " (*GFRE, Inc. v U.S. Bank, N.A.*, 130 AD3d 569, 570 [2015], quoting *Mobarak v Mowad*, 117 AD3d 998, 1001 [2014]). " '[T]he theory of unjust enrichment lies as a quasi-contract claim' and contemplates 'an obligation imposed by equity to prevent injustice, in the

absence of an actual agreement between the parties' " (*Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516 [2012] [internal quotation marks omitted], quoting *IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 142 [2009]). Thus, "[a] cause of action predicated on a theory of implied contract or quasi-contract is not viable where there is an express agreement that governs the subject matter underlying the action" (*Scott v Fields*, 92 AD3d 666, 669 [2012]; *see Cox v NAP Constr. Co., Inc.*, 10 NY3d 592, 607 [2008]; *Bettan v Geico Gen. Ins. Co.*, 296 AD2d 469, 470 [2002]). Here, the third-party complaint failed to state a cause of action to recover damages for unjust enrichment because the third-party complaint alleged the existence of a contract between the DOE and AGC that governs the subject matter of the third-party action.

The third-party complaint also alleged a violation of the third-party plaintiffs' due process rights under the Fourteenth Amendment and article I, § 6 of the New York State Constitution. Even if, as the third-party plaintiffs contend, the third-party complaint alleged that the third-party plaintiffs' due process rights were violated when the DOE withheld funds from AGC and terminated the subject contracts without an evidentiary hearing, the availability of an ordinary breach of contract action is sufficient to satisfy the necessary requirements of due process (*see Lujan v G & G Fire Sprinklers, Inc.*, 532 US 189, 197-198 [2001]; *see also Matter of C/S Window Installers v New York City Dept. of Design & Constr.*, 304 AD2d 380, 380 [2003]; *Matter of Action Elec. Contr. Co. v Riverso*, 287 AD2d 560, 561 [2001]; *Matter of Tully Constr. Co. v Hevesi*, 214 AD2d 465, 466 [1995]). Accordingly, the Supreme Court properly granted dismissal of the third-party cause of action alleging a violation of due process.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court erred in granting that branch of the third-party defendants' motion which was to dismiss the third-party cause of action alleging breach of contract, and properly granted those branches of the third-party defendants' motion which were to dismiss the third-party causes of action alleging violation of due process, conversion, and unjust enrichment. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.