Quino v Heburechnaya I.S., Inc. (2024 NY Slip Op 04215)

Quino v Heburechnaya I.S., Inc.

2024 NY Slip Op 04215

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-02109
 (Index No. 700756/21)

[*1]Jose Salvador Quino, appellant, 
v
Heburechnaya I.S., Inc., etc., et al., respondents.

Troy Law, PLLC, Flushing, NY (John Troy, Aaron Schweitzer, and Tiffany Troy of counsel), for appellant.
Khan Law Group, P.C., New York, NY (Freda Khan of counsel), for respondents.

DECISION & ORDER
In a putative class action, inter alia, to recover damages for violations of Labor Law articles 6 and 19, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered December 20, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, the plaintiff's cross-motion to compel disclosure and pursuant to CPLR 3126 to impose sanctions against the defendants for failure to comply with discovery demands.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Heburechnaya I.S., Inc., and Sienkhai Sionov, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying, as academic, those branches of the plaintiff's cross-motion which were to compel disclosure from the defendants Heburechnaya I.S., Inc., and Sienkhai Sionov and pursuant to CPLR 3126 to impose sanctions against those defendants for failure to comply with discovery demands; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new determination of those branches of the plaintiff's cross-motion which were to compel disclosure from the defendants Heburechnaya I.S., Inc., and Sienkhai Sionov and pursuant to CPLR 3126 to impose sanctions against those defendants for failure to comply with discovery demands.
On August 22, 2020, the plaintiff commenced this putative class action, inter alia, to recover unpaid or underpaid minimum wages and overtime compensation in violation of Labor Law articles 6 and 19. The complaint alleged that the plaintiff worked as a food preparer for the defendants Chebureck, Inc., and Izak Sionov (hereinafter together the Chebureck defendants) and for the defendants Heburechnaya I.S., Inc., and Sienkhai Sionov (hereinafter together the Heburechnaya defendants) from "2008 to May 31, 2016," and that the two corporate defendants were joint employers and constituted a single enterprise. The defendants moved for summary judgment dismissing the complaint, arguing that the plaintiff was never employed by the Chebureck defendants and that the complaint insofar as asserted against the Heburechnaya defendants was time-barred. The plaintiff cross-moved to compel disclosure and pursuant to CPLR 3126 to impose sanctions against the defendants for failure to comply with discovery demands. In an order entered December [*2]20, 2022, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion as academic. The plaintiff appeals.
"The single employer doctrine imposes liability where two nominally separate entities are part of a single integrated enterprise" (Lockwood v CBS Corp., 219 AD3d 1326, 1327 [internal quotation marks omitted]; see Ecchevarria v Insight Med., P.C., 72 F Supp 3d 442, 458 [SD NY]). "The doctrine 'sets forth four criteria to determine whether two or more companies are sufficiently interrelated to constitute a single entity: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control of the entities in question'" (Lockwood v CBS Corp., 219 AD3d at 1328, quoting Matter of Argyle Realty Assoc. v New York State Div. of Human Rights, 65 AD3d 273, 278-279). "Of these four factors, the most critical is the second: centralized control of labor" (id. [internal quotation marks omitted]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against the Chebureck defendants by demonstrating that the Chebureck defendants did not employ the plaintiff and that Chebureck, Inc., and Heburechnaya I.S., Inc., were not a single integrated enterprise at the alleged time of the plaintiff's employment. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff alleged that he was employed by the defendants from some time in 2008 until May 2016, but it is undisputed that Chebureck, Inc., was not even incorporated until November 2016. Moreover, the plaintiff's allegations that Chebureck, Inc., was involved in his employment with Heburechnaya I.S., Inc., were conclusory and unsubstantiated (see id.; Adler v 20/20 Cos., 82 AD3d 915, 917). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Cheburcek defendants.
"An action to recover upon a liability imposed by Labor Law article 6 must be commenced within six years. Similarly, an action to recover upon a liability imposed by Labor Law article 19 must be commenced within six years" (Badzio v Americare Certified Special Servs., Inc., 177 AD3d 838, 840 [citations omitted]; see Labor Law §§ 198[3]; 663[3]). "Thus, the plaintiff[ ] may recover wages that were not paid during the six years that preceded the filing of the complaint if [he] is successful on [his] claims under Labor Law articles 6 and 19" (Badzio v Americare Certified Special Servs., Inc., 177 AD3d at 840; see Dragone v Bob Bruno Excavating, Inc., 45 AD3d 1238, 1239).
Here, the defendants demonstrated, prima facie, that the complaint insofar as asserted against the Heburechnaya defendants was time-barred by submitting affidavits from Sienkhai Sionov and a waitress formerly employed by Heburechnaya I.S., Inc. Sienkhai Sionov and the waitress each asserted that the plaintiff's last day of employment with Heburechnaya I.S., Inc., was in December 2010. However, in opposition, the plaintiff raised a triable issue of fact by submitting an affidavit in which he averred that he was employed by Heburechnaya I.S., Inc., through May 2016. "'[W]here credibility determinations are required, summary judgment must be denied'" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 201, quoting People v Greenberg, 95 AD3d 474, 483, affd 21 NY3d 439; see Pryor & Mandelup, LLP v Sabbeth, 82 AD3d 731, 732). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Heburechnaya defendants.
In light of our determination, we remit the matter to the Supreme Court, Queens County, for a new determination of those branches of the plaintiff's cross-motion which were to compel disclosure from the Heburechnaya defendants and to impose sanctions against them for failure to comply with discovery demands (see Bank of N.Y. Mellon v Gordon, 171 AD3d at 212).
IANNACCI, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court