McMillian v Out-Look Safety LLC (2025 NY Slip Op 04963)

McMillian v Out-Look Safety LLC

2025 NY Slip Op 04963

Decided on September 11, 2025

Appellate Division, First Department

MENDEZ, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 11, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Troy K. Webber
Saliann Scarpulla Manuel Mendez Julio Rodriguez III Bahaati E. Pitt-Burke

Index No. 657577/19|Appeal No. 4289|Case No. 2024-01013|

[*1]Craig McMillian et al., Plaintiffs-Resondents,
v
Out-Look Safety LLC, Defendant-Respondent, Restani Construction Corp. et al., Defendants-Appellants, Safeway Construction Enterprises, LLC, Defendant.

Certain defendants appeal from the order Supreme Court, New York County (Andrea Masley, J.), entered on or about January 30, 2024, which, among other things, granted plaintiffs' motion for class certification.

Peckar & Abramson, P.C., New York (Mark A. Rosen of counsel), for Restani Construction Corp., appellant.
Cole Schotz P.C., New York (Brian L. Gardner, Jason R. Finkelstein and Courtney G. Hindin of counsel), for Triumph Construction Corp., appellant.
Cohen Seglias Pallas Greenhall & Furman, PC, New York (Jonathan Landesman of counsel), for Elecnor Hawkeye, LLC, appellant.
Pelton Graham, LLC, New York (Brent E. Pelton and Taylor B. Graham of counsel), for Craig McMillian, Eian McMillian and Victor Ballast, respondents.

MENDEZ, J. 

This putative class action asserts that members of the class provided services as non-union construction site "flaggers," as defined by the New York City Comptroller, and were entitled to be paid at the prevailing wage for public works projects in New York City from April 16, 2018 through January 28, 2024 (the class period). The amended class action complaint asserts causes of action for breach of contract as third-party beneficiaries, and unjust enrichment. It alleges that the members of the class worked as "flaggers" for Out-Look Safety LLC, which subcontracted with defendants, the general contractors, to provide services for defendants' construction projects, and that defendants had a uniform practice of paying members of the class at a considerably lower rate by classifying them as "crossing guards" or "traffic control."
CPLR 901(a) sets forth five factors required to obtain class certification, which are commonly referred to as, "numerosity, commonality, typicality, adequacy of representation and superiority" (City of New York v Maul, 14 NY3d 499, 508 [2010]). A class action can be maintained pursuant to CPLR 902 only if the five prerequisite factors stated in CPLR 901(a) are met (see Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 421-422 [1st Dept 2010]).
Supreme Court's determination under CPLR 902 as to the adequate representation of the class is not challenged on appeal. Although defendants refer to CPLR 902, they specifically address only the four factors stated in CPLR 901.
Plaintiffs met their minimal evidentiary burden of showing that their claim to have worked as "flaggers" rather than "traffic controllers" at various job sites was not a sham (see Weinstein v Jenny Craig Operations, Inc., 138 AD3d 546, 547 [1st Dept 2016]). Plaintiffs' testimony about their work and that of others they observed at the various job sites, as well as payroll and other records, sufficiently supported a finding of numerosity (see Kudinov v Kel-Tech Constr. Inc., 65 AD3d 481, 481 [1st Dept 2009]).
Commonality was established by plaintiffs' showing that common issues predominated in the action. Commonality is to be construed liberally, and should not be confused with identity or unanimity; rather, it is determined by predominance of the asserted legal issues (see Maddicks v Big City Props., LLC, 34 NY3d 116, 125-127 [2019], citing Maul, 14 NY3d at 513-514). The central legal issue in this case is "whether defendants utilized the class members in roles that would have entitled them to prevailing wages as non-union construction 'flaggers' during the class period." In this case, predominance is satisfied by the central issue, which "addresses harm effectuated through a variety of approaches but within a common systematic plan" (Maddicks, 34 NY3d at 125).
Defendants argue that the need for individualized assessments of the tasks performed by each class member undermines commonality. We disagree. The fact that each class member may possess their "own unique factual circumstances" does not mean that the commonality factor fails or that it is fatal to the class action (see Maul, 14 NY3d at 514). A class action is a superior vehicle for resolution of prevailing wage disputes. The only questions that are peculiar to each individual class member concern damages, and the issue of damages can be severed after resolution of the predominant issues (see Brown v Mahdessian, 206 AD3d 511, 512 [1st Dept 2022]; Stecko v RLI Ins. Co., 121 AD3d 542, 543 [1st Dept 2014]; Orgill v Ingersoll-Rand, 110 AD3d 573, 574 [1st Dept 2013]).
Typicality was established by plaintiffs' assertions that their claims are typical of those of the class, because they are derived from the same course of conduct namely that defendants failed to pay prevailing wages to non-union workers who performed flagger duties. The named plaintiffs' claims are also based upon the same legal theories as members of the class (see Kozak v Kushner Vil. 329 East 9th St. LLC, 232 AD3d 542, 545 [1st Dept 2024]). Defendant Elecnor Hawkeye, LLC's assertions that the representative plaintiffs did not work at its jobsite are unavailing. The representative plaintiffs provided evidence, including their deposition testimony, that work was performed for three days at that site. Furthermore, typicality does not require that the named plaintiffs' claims be identical to those of the class (see Pruitt v Rockefeller Ctr. Props., 167 AD2d 14, 22 [1st Dept 1991]).
Plaintiffs established the superiority of this class action to other methods of litigating the claims at issue. Contrary to defendants' contention, plaintiffs were not required to exhaust administrative remedies prior to filing this common-law breach of contract action (see La Cruz v Caddell Dry Dock & Repair Co., Inc., 22 AD3d 404, 405 [1st Dept 2005]). Brandy v Canea Mare Contr., Inc. (34 AD3d 512, 514 [2d Dept 2006]) is not to the contrary.
Defendants assert that the class definition constitutes an impermissible "fail safe" class under the Federal Rules of Civil Procedure (FRCP), Rule 23(b). A "fail safe" class exists "when the class itself is defined in a way that precludes membership unless the liability of the defendant is established" (Spread Enterprises, Inc. v First Data Merchant Services Corp., 298 FRD 54, 69 [ED NY 2014], quoting Kamar v Radio Shack Corp., 375 Fed Appx 734, 736 [9th Cir 2010]). A "fail safe" class is impermissible because it prevents an adverse judgment being entered against plaintiffs (see id. at 69). Defendants argue that the sole issue in the case is whether or not a particular member was in fact acting as a "flagger" and thus that class membership and liability are inextricably intertwined.
At the outset, Supreme Court was not required to apply the standards utilized by the federal courts in FRCP Rule 23(b), given the recognition that CPLR 901(a) should be more broadly construed (see Maul, 14 NY3d at 509). Additionally, a finding of a "fail-safe" class does not necessarily result in a bar to certification of the class, as courts have discretion to "construe the complaint or redefine the class to bring it within the scope of Rule 23" (Hicks v T.L. Cannon Corp., 35 F Supp 3d 329, 357 [WD NY 2014]).
Here, the Supreme Court's decision amended the definition of the class to avoid an impermissible "fail safe" class under FRCP 23 (b), by excluding reference to "whether public works contracts required the payment of prevailing wages on subject projects" as applying to the ultimate issue of liability. Supreme Court amended the definition of the class to state, "All persons employed by Out-Look Safety LLC at any time since April 16, 2018 through January 28, 2024, who worked as non-union construction flaggers on Restani, Safeway, Triumph, and/or Hawkeye projects requiring the payment of prevailing wages in New York City." Defendants' argument that to show membership one must show liability, has been addressed, and they did not propose any alternative language to Supreme Court's amended definition. Additionally, the parties, including defendants, often used the term "flagger" interchangeably with "crossing guard" or "traffic controller" and it would be up to the class member to show the work actually performed. Accordingly, Supreme Court's amendment is proper and does not result in a "fail safe" class definition.
Defendants' remaining arguments have been considered and found to be unavailing.
Accordingly, the order, of the Supreme Court, New York County (Andrea Masley, J.), entered on or about January 30, 2024, which, among other things, granted plaintiffs' motion for class certification, should be affirmed, with costs.
Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about January 30, 2024, affirmed, with costs.
Opinion by Mendez, J. All concur.
Webber, J.P., Scarpulla, Mendez, Rodriguez, Pitt-Burke, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 11, 2025